IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Tracy Batchelor, | : | Case No. 1:15-cv-10 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | |
| Reginald A. Wilkinson, et al., | : | Order Granting Motions to Dismiss Filed |
| | : | By Defendants Gary C. Mohr and Stacy |
| Defendants. | : | Blankenburg (Doc. 11) and Lawrence J. |
| | : | Guthier (Doc. 12) and Requiring Plaintiff |
| | : | to Show Cause |

This matter is before the Court on two Motions to Dismiss, one filed by Defendants Gary

C. Mohr and Stacy Blankenburg (Doc. 11) and the other filed by Lawrence J. Guthier (Doc. 12).

For the reasons that follow, Defendants' Motions will be granted.

I.      BACKGROUND

A.      Facts[1]

This is a 42 U.S.C. § 1983 action for alleged violations of Plaintiff Tracy Batchelor's

Fourth, Fifth, and Fourteenth Amendment rights.  Plaintiff is an Ohio resident who asserts he

was never indicted, tried, convicted, or sentenced as a sexually oriented offender or for any other

offense requiring him to register as such an offender under the Ohio Rev. Code.  Despite this, he

alleges the Ohio Department of Rehabilitation and Correction ("ODRC") unlawfully and

unconstitutionally classified him as such an offender, thus triggering his supposed duty to

register as an offender and subjecting him to repeated arrests and convictions when he did not

comply with his supposed duties.

Plaintiff was indicted for abduction in violation of Ohio Rev. Code 2905.02(A)(2) on

January 31, 2003.  He entered a guilty plea on that charge and was sentenced to one year in the

---

[1] The Court has drawn the background facts from Plaintiff's Complaint (Doc. 3) unless otherwise indicated.

Department of Corrections by the court. On December 22, 2004 while Plaintiff was at the

Correctional Reception Center, Defendant Blankenburg, the Correctional Records Supervisor for

the ODRC, presented Plaintiff with a form acknowledging a duty to register either as a sexually

oriented offender or a child victim offender. Plaintiff was required to sign the form as part of the

conditions of release following completion of his sentence despite the fact that he was not such

an offender. After serving his sentence, Plaintiff was released in January 2004.

Most recently, on June 12, 2012, Plaintiff was arrested for the fourth time for failing to

register or report his change of address. He was indicted upon a criminal complaint and affidavit

filed by Defendant Guthier, the Hamilton County Deputy Sheriff, for failure to notify the

Hamilton County Sheriff's Department of a change in address. However, the complaint was

dismissed. The court based its dismissal of the indictment on the fact that the document that

classified Plaintiff as a sexually oriented offender and required Plaintiff to report as such was

void and Plaintiff does not and did not have a duty to register as a sexually oriented offender

under Ohio law. Plaintiff was released from incarceration in the Hamilton County Justice

Center, but by that time, he had spent approximately 200 days in jail on just his last indictment

and arrest.

Plaintiff filed this lawsuit on January 9, 2015 against Defendants Reginald A Wilkinson,

Gary C. Mohr, Stacy Blankenburg, and Deputy Lawrence J. Guthier.[2] It is undisputed that

Plaintiff is suing Defendants Mohr, Blankenburg, and Guthier in their official capacities only.

Specifically, Plaintiff alleges Defendant Mohr, acting in his official capacity as Director of

---

[2] The record does not reflect that Defendant Wilkinson has been served. Plaintiff alleges Defendant Wilkinson, acting in his official capacity as Director of ODRC and under color of state law, approved and ratified illegal policies and practices, whereby the ODRC assumed judicial authority by retroactively imposing upon prisoners the duty to register as sex offenders or child-victim offenders, even when those requirements were not imposed at the time of conviction and sentencing.

ODRC, maintained and ratified illegal actions and polices. He alleges Defendant Blankenburg, acting in her official capacity as Correction Records Supervisor for the ODRC, followed the illegal and unconstitutional policies and practices established by the ODRC by improperly classifying Plaintiff as a sexually oriented offender, thus requiring him to register as a sex offender. Finally, Plaintiff claims Defendant Guthier, acting in his official capacity as Hamilton County Deputy Sheriff, caused Plaintiff to be arrested and incarcerated for at least 200 days based upon the unconstitutional and retroactive registration and reporting requirement imposed upon him by the ODRC. Plaintiff seeks only monetary damages for the alleged violations of his rights.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff and accept the factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The Court "need not, however, accept conclusory allegations or conclusions of law dressed up as facts." *Erie Cnty., Ohio v. Morton Salt, Inc*., 702 F.3d 860, 867 (6th Cir. 2012).

## III.    ANALYSIS

The two separately filed Motions to Dismiss assert similar grounds for dismissal under Rule 12(b)(6). Defendants Mohr and Blankenburg move to dismiss the claims against them on

the basis that they are entitled to Eleventh Amendment immunity, such that they cannot be sued in their official capacities for monetary damage.  Defendant Guthier moves to dismiss on the basis of Eleventh Amendment immunity or, alternatively, qualified immunity.

In his Combined Memorandum In Response to Defendants' [Mohr & Blankenburg] to Dismiss, and to Defendant Lawrence Guthier's Motion to Dismiss (Doc. 20), Plaintiff concedes "as presently worded, his complaint is subject to dismissal under the general authorities cited by the defendants."  (Doc. 20 at PageID 79.)  He argues that the Court should allow him to amend his Complaint to assert claims that are not subject to dismissal under the standards governing Rule 12(b)(6) dismissals.  He has not, however, proffered an amended complaint or moved the Court to amend under Fed. Rule Civ. P. 15(a).  Because Plaintiff concedes that his claims as asserted against Defendants Mohr, Blankenburg, and Guthier fail to state a claim upon which relief may be granted, the Court will grant Defendants' Motions to Dismiss (Doc. 11, 12) and dismiss Plaintiff's claims against those Defendants without prejudice.[3]

## IV.    CONCLUSION

For the reasons addressed herein, the Court grants the Motion to Dismiss filed by Defendants Mohr and Blankenburg (Doc. 11) and the Motion to Dismiss filed by Defendant Guthier (Doc. 12).  Plaintiff's claims against Defendants Mohr, Blankenburg, and Guthier are dismissed without prejudice.

The Court also hereby orders Plaintiff to show cause as to why the action should not be dismissed against Defendant Reginald Wilkinson.  Plaintiff initiated this action on January 8, 2015 by filing a Motion for Leave to Proceed *in forma pauperis*, which was granted on January

---

[3] The Court notes that despite conceding his claims, Plaintiff includes a one paragraph section in his Response in which he asserts that Defendant Guthier is not a state official and thus would not be barred by Eleventh Amendment immunity.  (Doc. 20 at PageID 83.)

4

12, 2015.  (Doc. 2.)  The Complaint was docketed on January 12, 2015, and thereafter, the Court ordered that the United States Marshal serve a copy of the Complaint, summons, and the Court's Order upon all Defendants.  (Doc. 4.)   The summons was issued on January 15, 2015.  (Doc. 5.) On February 20, 2015, the summons was returned unexecuted as to Reginald A. Wilkinson. (Doc. 13.)  Since that time, Plaintiff has not filed proof of service or a waiver of service for Defendant Wilkinson.  Because there is no evidence that Defendant Wilkinson has been served within 120 days after the Complaint was filed, the Court must dismiss the action against him pursuant to Federal Rule of Civil Procedure 4(m) unless the Plaintiff shows good cause for the failure to make service.  Plaintiff has thirty days to comply with this order.

IT IS SO ORDERED.

S/Susan J. Dlott_____
Judge Susan J. Dlott
United States District Court